IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE HARRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-155-C |
| | ) | |
| CATALYST IVANHOE BEHAVIORAL SERVICES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, alleging Defendants had violated his constitutional rights. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Robert E. Bacharach. Judge Bacharach entered two Reports and Recommendations ("R&R") on June 28, 2011. Because the R&R's were objected to, the Court has reviewed the issues de novo.

In the first R&R, Judge Bacharach considered the Motion to Dismiss filed by the Oklahoma Department of Corrections ("ODOC"). After consideration of the motion and Plaintiff's response, Judge Bacharach recommended granting the motion on the grounds that ODOC was entitled to Eleventh Amendment immunity from Plaintiff's claims.

In his objection, Plaintiff recites provisions of ODOC's discipline procedures and argues that he should be entitled to pursue a § 1983 action for ODOC's violation of those procedures. He offers no argument, legal or factual, to counter Judge Bacharach's thorough and well-reasoned analysis of the applicability of the Eleventh Amendment. After the consideration of the arguments raised by Plaintiff, the applicable law, and Judge Bacharach's

R&R, the Court finds that Defendant Oklahoma Department of Corrections is entitled to dismissal without prejudice on the basis of Eleventh Amendment immunity.

The second R&R addressed the motions for dismissal and/or summary judgment of Defendants Catalyst Ivanhoe Behavioral Services, Mike Fleetwood, and Shannon McAlister. To resolve the issues raised in this R&R, some background is necessary.

As he neared the end of his term of incarceration, Plaintiff lived in a halfway house and was employed in a restaurant. Plaintiff was fired by his employer and, pursuant to the policies of the halfway house, was required to immediately return to that location. Plaintiff argues he was unable to comply with this requirement because he missed the return bus and could not immediately return. Rejecting Plaintiff's argument, a disciplinary hearing officer found Plaintiff to have violated policy. As punishment, Plaintiff lost good time credits and his classification was changed, which altered the manner in which he earned good time credits. Plaintiff now seeks monetary compensation for the "extra" days he spent incarcerated.

In their motion, Defendants argued that Plaintiff's discipline was proper because he was out of contact with the halfway house for more than three hours, that being the time period between 2:00 p.m. and 5:00 p.m. In the R&R, Judge Bacharach noted that although Defendants set forth on the disciplinary report a 2:00 p.m. time period, that could not have been the actual time of offense, as Plaintiff was clearly entitled to at least some period of time to return to the halfway house. Therefore, Judge Bacharach noted that a question remained as to whether or not Plaintiff could have defended against the disciplinary charge

without knowing a specific time of the alleged infraction. See Wolff v. McDonnell, 418 U.S. 539 (1974).

In their objection to the R&R, Defendants argue that they produced evidence at the disciplinary hearing outlining the additional opportunities that Plaintiff had to catch a bus and return to the halfway house. Fatal to this argument, however, is Defendants' failure to make these arguments to Judge Bacharach in their summary judgment motion. It is not the duty of the Court to serve as an advocate for either party or to raise issues that were not properly addressed in dispositive motions. Because Defendants failed to make a valid argument regarding Plaintiff's claim relating to the time of the offense, Judge Bacharach correctly determined that summary judgment was improper on that issue. Accordingly, the Court will adopt that portion of the R&R.

Defendants next argue that Judge Bacharach erred in concluding that Plaintiff's claim of an alleged failure to consider evidence could survive Defendants' dispositive motion. In the R&R, Judge Bacharach noted Plaintiff had made a claim that officials failed to consider his mental history and information in the form of a written statement where an employee of Catalyst Ivanhoe stated that Plaintiff called in saying he was going to be late on the date he was terminated from his employment.

In objecting to the R&R, Defendants argue that Judge Bacharach misstated the substance of Plaintiff's Complaint. According to Defendants, Plaintiff's argument was directed only at the investigating officer, not the actual hearing officer. Defendants note that there is no constitutional entitlement to an adequate pre-hearing investigation and therefore

Judge Bacharach erred in finding a constitutional claim existed. However, once again Defendants are relying on arguments and factual assertions which simply were not presented in their motion for summary judgment. Plaintiff's complaint clearly raises a claim that the hearing officer ignored certain exculpatory evidence and refused to consider other evidence. As Judge Bacharach correctly noted, under <u>Wolff</u> an inmate enjoys the right to present documentary evidence. Defendants argue that Judge Bacharach improperly imposed on them the obligation to respond to each of Plaintiff's allegations. However, to the extent Defendants seek judgment in their favor on Plaintiff's claims, they must present factual and/or legal evidence in demonstrating their entitlement to that claim. <u>See</u> Fed. R. Civ. P. 56(a). Therefore, Judge Bacharach correctly determined that Plaintiff has stated a claim for relief on this issue.

Finally, Defendants argued that Judge Bacharach erred in concluding that Plaintiff's claim of lack of impartial decisionmaker could survive a summary judgment. Defendants argue that their summary judgment motion establishes that there was at least some evidence of Plaintiff's guilt. Defendants repeatedly argue that Plaintiff failed to come forward with evidence to establish his claims. However, at the summary judgment stage, it is incumbent upon the moving party to set forth that no disputed material facts exist. Contrary to Defendants' arguments, simply establishing that there was some evidence of Plaintiff's guilt was insufficient to eliminate his claims. As the Supreme Court held in <u>Edwards v. Balisok</u>, 520 U.S. 641, 645 (1997), a plaintiff may recover nominal damages when he has demonstrated a failure to satisfy due process in a disciplinary proceeding, even though he

may have been properly convicted of the violation. Accordingly, the Court finds that Judge Bacharach correctly determined that Defendants were not entitled to judgment on this claim.

For the reasons set forth herein, the Court adopts in full Judge Bacharach's well-reasoned and thorough Reports and Recommendations (Dkt. Nos. 26 & 27). Plaintiff's claims against Defendant Oklahoma Department of Corrections are dismissed without prejudice. Plaintiff's claims against Defendants Catalyst Ivanhoe Behavioral Services, Mike Fleetwood, and Shannon McAlister survive as outlined in the R&R. This matter is recommitted to Judge Bacharach for further proceedings consistent with the original order of referral.

IT IS SO ORDERED this 4th day of August, 2011.

ROBIN J. CAUTHRON
United States District Judge